PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

C. L. RITTER LUMBER COMPANY,
INCORPORATED; COAL MOUNTAIN
TRUST; HURT-MCGUIRE LAND TRUST;
JAMES M. MCGUIRE LAND TRUST;
HUGH MACRAE LAND TRUST;
BUCKHORN COAL COMPANY;
BUCHANAN COAL COMPANY; SAYERS
POCAHONTAS COAL COMPANY; YUKON
POCAHONTAS COMPANY; GEORGIA
PACIFIC CORPORATION; GARRET K.
FRANKS; LINDA SCHRACK,
Administrator of the estate of
Nermal S. Whited; SUE SNYDER,           No. 01-1286
Administrator of the estate of
Nermal S. Whited; MARY RUSSELL,
Administrator of the estate of Ruth
F. Officer; HARVEY H. FRANKS;
VERNELL FRANKS; J. C. FRANKS;
TRULA S. FRANKS; JOHN FRANKS,
Administrator of the estate of Estil
E. Franks; DOROTHY CASTEEL;
WANDA L. ROSE; STUART ROSE;
MONA WICKS; FREDA MEISTER; JERRY
MEISTER; EARL MAY; JANIE MAY;
CLELL METCALF; CHARLES R.
ARTHUR; T. J. BONDURANT;

MARGARET BONDURANT; INTERMONT
LAND COMPANY; ANN DOBRENZ,
Special Administrator of the estate
of Lillian Metcalf; KELLY WRIGHT,
JR., Executor of the estates of Kelly
Wright, deceased and Evelyn
Wright, deceased,
                    *Plaintiffs-Appellees,*

and

LEVISA COAL COMPANY,
                            *Plaintiff,*

v.

CONSOLIDATION COAL COMPANY;
CONOCO, INCORPORATED; POCAHONTAS
GAS PARTNERSHIP; APPALACHIAN
METHANE, INCORPORATED;
APPALACHIAN OPERATORS,
INCORPORATED; BUCHANAN
PRODUCTION COMPANY,
                    *Defendants-Appellants.*

LEVISA COAL COMPANY; HELEN C.
JOHNSON; CAROL COMBS IRVIN;
FREDERICK H. COMBS, II, Trustee for
the Marion S. Combs Trust;
MARTHA E. COMBS; VIRGINIA LEE
LINWICK; CARL J. PUCKETT, Trustee
for the W. Kent Pobst Trust;
MEREDITH E. IQBAL; PHILLIP G.
LINWICK; ELENE M. COMBS,
                    *Plaintiffs-Appellees,*

v.                                                            No. 01-1287

APPALACHIAN METHANE,
INCORPORATED; APPALACHIAN
OPERATORS, INCORPORATED;
BUCHANAN PRODUCTION COMPANY,
                    *Defendants-Appellants,*

and

CARDINAL STATES GATHERING
COMPANY; MCNIC OAKWOOD
GATHERING, INCORPORATED; MCNIC
CSG PIPELINE COMPANY; CONSOL
INC.; ISLAND CREEK COAL COMPANY,
                    *Defendants.*

Appeals from the United States District Court
for the Western District of Virginia, at Abingdon.
Samuel G. Wilson, Chief District Judge.
(CA-97-117-1, CA-01-00009-1)

Argued: October 31, 2001

Decided: March 8, 2002

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

Affirmed by published opinion. Judge Wilkins wrote the opinion, in which Judge Niemeyer and Judge Luttig joined.

---

## COUNSEL

**ARGUED:** David Wayne Hardymon, VORYS, SATER, SEYMOUR & PEASE, L.L.P., Columbus, Ohio, for Appellants. William R. Rakes, Jeffrey Scott Sexton, GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia, for Appellees. **ON BRIEF:** Monica L. Taylor, GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia, for Appellees.

---

## OPINION

WILKINS, Circuit Judge:

These consolidated appeals arise from judgments in favor of several coalbed owners (collectively, "Plaintiffs") in an action against multiple energy companies (collectively, "Defendants"). The Defendants contend that the district court lacked jurisdiction to enter these judgments. We affirm.

### I.

The Defendants leased coalbeds from the Plaintiffs in order to extract and sell methane gas found in the coal seams. In all, there were 12 leases ("Disputed Leases"). The terms of these leases required the Defendants to pay royalties to the Plaintiffs based on the value of the gas collected from the coalbeds, minus specified deductions. The Plaintiffs contend that the Defendants took excessive deductions and thus underpaid royalties. As a result, the Plaintiffs filed this lawsuit, joining 12 counts—one for each lease—in a single complaint. Federal jurisdiction over this suit was based on diversity of citizenship. *See* 28 U.S.C.A. § 1332 (West 1993 & Supp. 2001).

A jury found in favor of the Plaintiffs on all 12 counts. The Defendants then moved pursuant to Federal Rules of Civil Procedure 50(b)

and 59(a) for judgment as a matter of law or, in the alternative, a new trial. Later, they submitted a second post-trial motion asserting that the trial judge had a conflict of interest. The trial judge agreed with the latter assertion and recused himself from all further involvement in the case. With one exception not relevant here, the district court (acting through a different judge) denied the Defendants' remaining post-verdict challenges and entered judgment in favor of the Plaintiffs.

After judgment was entered, the Defendants moved to dismiss this suit for lack of complete diversity between the Plaintiffs and Defendants.[1] *See* Fed. R. Civ. P. 60(b)(4). Specifically, the Defendants alleged that three Plaintiffs—John Irvin, Carol Combs Irvin, and Levisa Coal Company (collectively, "Texas Plaintiffs")—and two Defendants—Conoco, Inc. and Pocahontas Gas Partnership (collectively, "Texas Defendants")—were Texas residents for diversity purposes. The Plaintiffs moved to amend the judgment by splitting this suit into two separate cases, with one embracing the claims asserted by the Texas Plaintiffs and the other embracing the claims against the Texas Defendants. (This was possible because none of the Texas Plaintiffs asserted claims against any of the Texas Defendants.) The district court agreed that this measure would alleviate any jurisdictional concern and therefore vacated the existing judgment, divided the lawsuit into two cases, and entered judgment in favor of the Plaintiffs in each of the cases. The Defendants noted an appeal in each case.

## II.

The Defendants' primary claim is that the district court erred in refusing to dismiss this suit for lack of jurisdiction. We hold that the court had the power to choose an alternative remedy for the jurisdictional defect and that it did not abuse its discretion in doing so.

---

[1]At oral argument, the Defendants' attorney suggested that the Defendants may have been aware of this jurisdictional problem at the beginning of this litigation. If Defendants' counsel shared this knowledge, then they engaged in unacceptable gamesmanship by waiting until after judgment to raise this issue.

It is undisputed at this stage of the proceedings that some Plaintiffs and some Defendants were Texas residents and that the district court therefore could not exercise diversity jurisdiction over the case as it was originally pled.[2]  *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). On the other hand, if the Plaintiffs had filed separate complaints *ab initio*, there would have been no jurisdictional obstacle to joining the cases for trial. *See Cella v. Togum Constructeur Ensemleier en Industrie Alimentaire*, 173 F.3d 909, 913 (3d Cir. 1999) (stating that, to determine whether complete diversity exists, courts must examine consolidated cases separately); *cf. Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, ___ F.3d ___, 2001 WL 1337547, at *2 (4th Cir. Oct. 31, 2001) (observing that consolidation of proceedings does not merge separate cases into a single unit or make the parties in one case parties in the other). The amendment of the judgment by the district court had the effect of retroactively creating the latter situation (that is, two separate cases properly joined for trial). Such post-trial reorganizations are specifically authorized by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 21 (stating that court may cure misjoinder of parties "at any stage of the action").

The Defendants assert that the amendment of the judgment was nevertheless improper because the absence of jurisdiction deprived the district court of the power to enter any order other than dismissal. This is incorrect, in light of precedents upholding efforts to rescue jurisdiction by, for example, dismissing non-diverse parties. *See, e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 833-35 (1989). Furthermore, the Defendants' attempts to distinguish such precedents are unavailing. According to the Defendants, the amendment of the judgment was improper because the original judgment was reached through trial rather than summary judgment. So far as we can discern, the gist of the Defendants' argument is that, while both summary judgment decisions and trial verdicts are nullities when the

---

[2]There is precedent suggesting that jurisdiction was proper even as the case was originally pled. *See Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1368-69 (10th Cir. 1982) (upholding jurisdiction in case involving two discrete claims because parties to each claim were diverse, even though there was not complete diversity between all plaintiffs and all defendants). This theory has not been asserted, however, and we therefore do not consider it.

court lacks jurisdiction, measures that resuscitate jurisdiction will retroactively validate earlier legal rulings but not jury determinations. The rationale for this distinction eludes us. When a court acts without jurisdiction, the extent of the transgression is the same whether the act involves ruling on a legal question, presiding over an evidentiary hearing, or receiving a verdict from a jury. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (holding that it is improper to address any non-jurisdictional question before jurisdiction is ascertained). The defect is the same in any of these situations, and so is the propriety of rescuing jurisdiction.

The Defendants next contend that cases like *Newman-Green*, in which the judgment was amended by the mere dismissal of a party, cannot support the more extensive remedy employed here. We disagree. Here, as in *Newman-Green*, the remedy applied by the court was authorized by the Federal Rules of Civil Procedure. And here, as in *Newman-Green*, this remedy resulted in a trial unit over which the court could validly exercise jurisdiction. The specific nature of the remedy implicates the discretion of the court, not its power to act. *See Koehler v. Dodwell*, 152 F.3d 304, 309 (4th Cir. 1998).

Moreover, we do not hesitate to uphold the exercise of discretion here. In general, the equities favor upholding a judgment already entered. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75 (1996) ("Once a diversity case has been tried in federal court, . . . considerations of finality, efficiency, and economy become overwhelming."). Moreover, while the Defendants contend that allowing this case to proceed despite the absence of complete diversity was prejudicial because it was difficult to keep the parties straight (particularly Defendants Conoco, Consol, and Consolidation Coal), this concern is entirely distinct from the diversity question. The potential for confusion among parties with similar names exists regardless of where the parties are domiciled, and the remedy—irrespective of jurisdictional issues—is severance pursuant to Fed. R. Civ. P. 42(b), a remedy the Defendants never requested. Moreover, the district court found no prejudice, and that court was in a better position to make this determination, *see Newman-Green*, 490 U.S. at 838. We therefore hold that the district court did not abuse its discretion in granting the Plaintiffs' motion to amend the judgment.

### III.

For the foregoing reasons, we affirm the decision of the district court to amend the judgment instead of dismissing this suit for lack of complete diversity. We have also considered the Defendants' other challenges to the judgment of the district court; having reviewed the briefs and the applicable law, and having had the benefit of oral argument, we hold that these claims are without merit. Accordingly, the judgment of the district court is affirmed.

*AFFIRMED*