608 S.E.2d 425

**Theodore GORDON, Respondent,**

v.

**PHILLIPS UTILITIES, INC., Appellant.**

**No. 25930.**

Supreme Court of South Carolina.

Heard Nov. 18, 2004.

Decided Jan. 24, 2005.

Kenneth Ray Raynor, of Templeton & Raynor, P.A., of Charlotte, for Appellant.

Kenneth M. Suggs, of Suggs & Kelly Lawyers, P.A., of Columbia, and Larry Dale Dove, of L. Dale Dove, L.L.C., of Rock Hill, for Respondent.

Justice WALLER:

This is a negligence case in which the trial court granted partial summary judgment to the respondent on the appellant's claim of a set-off in the amount of workers' compensa-

tion benefits which the respondent received from his employer. We affirm.

## FACTS

The respondent Theodore Gordon (Gordon) was injured while working for Seven Star Construction Company (Seven Star). Gordon and his crew were preparing to tie into an underground water line that had been previously installed and inspected by appellant Phillips Utilities, Inc. (Phillips). A steel cap weighing over fifty pounds exploded striking Gordon's leg and shattering his knee. Gordon received workers' compensation benefits from Seven Star. Gordon then filed this negligence action against Phillips. Phillips sought a set-off in the amount of the workers' compensation benefits which Gordon had received from Seven Star.

Before trial, the trial judge granted Gordon partial summary judgment on Phillips' claim of a set-off. The case proceeded to trial and the jury found Gordon was 25% negligent and Phillips was 75% negligent. The jury also found Gordon had actual damages of $149,670.13 and $30,000 in punitive damages. The trial judge reduced the actual damages by 25% to $112,252.59, but he did not reduce the punitive damages of $30,000.

## ISSUE

Did the trial judge err in granting Gordon partial summary judgment precluding Phillips from asserting a right to a set-off pursuant to S.C.Code Ann. § 42–1–580 (Supp.2003)?

## DISCUSSION

Phillips sought a set-off pursuant to § 42–1–580 which provides:

When the facts are such at the time of the injury that a third person would have the right, upon payment of any recovery against him, to enforce contribution or indemnity from the employer, any recovery by the employee against the third person shall be reduced by the amount of such contribution of indemnity and the third person's right to

enforce such contribution against the employer shall thereupon be satisfied.

The trial judge in a written order found that this section was inapplicable and granted Gordon partial summary judgment on Phillips' claim for set-off in the amount of workers' compensation benefits paid to Gordon by his employer, which was approximately $87,000. The trial judge reasoned that Gordon's employer, Seven Star, could not be liable to Gordon in tort because the workers' compensation laws exclude all other rights and remedies and thus Phillips did not have any right of contribution from Seven Star. Phillips contends the trial court erred.

 There have only been a few published cases discussing § 42–1–580 and none resolve the issue currently before the Court. The primary purpose in construing a statute is to ascertain legislative intent. *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning." *Paschal v. State Election Comm'n,* 317 S.C. 434, 436, 454 S.E.2d 890, 892 (1995). Furthermore, the legislature intends to accomplish something by its choice of words, and would not do a futile thing. *State ex rel. McLeod v. Montgomery,* 244 S.C. 308, 314, 136 S.E.2d 778, 782 (1964).

 In arguing that this section allows a set-off at trial, Phillips contends that after the 1988 enactment of the Contribution Among Joint Tortfeasors Act, § 15–38–20, et al. (Act), a third party would have a right of contribution from a negligent employer. It contends the Act gives teeth to § 42–1–580.

The Act, however, does not help Phillips because there is no right to contribution available to it under the Act. Pursuant to the Act, when two or more persons are jointly or severally liable in tort for the same injury to person, there is a right of contribution among them. S.C.Code Ann. § 15–38–20(A) (Supp.2003). As Seven Star, pursuant to the Workers' Compensation laws, could not be liable to Gordon in tort, there can be no right of contribution under the Act for Phillips.

■ Further, Phillips contends by enacting § 42–1–580, the General Assembly intended to provide a remedy for a third party when an employer was negligent and contributed to the injury. We disagree.

Applying this section to the current situation creates numerous problems and concerns and requires the Court to read language into the statute to effectuate such an intent. Citing a law review article, Phillips contends a third party is to allege the right of set-off as an affirmative defense and then offer proof at trial of the employer's negligence. *See* Kelly M. Braithwaite & John A. Massalon, *Right Without a Remedy: Setoff Under the South Carolina Workers' Compensation Act,* 7 S.C. Law Rev. 40 (1995). The article states that because the employer is not a party, the plaintiff is to defend the claim of employer negligence. However, if the third party does not prove the employer was negligent, a successful plaintiff will have to satisfy the subrogation lien for the amount of the workers' compensation benefits paid to him. On the other hand, if the third party proves the employer was negligent, a successful plaintiff's award will be reduced by a set-off equal to the amount of the workers' compensation lien. Either way, the plaintiff's award will be reduced by the amount of workers' compensation he has received from the employer. The plaintiff has nothing to lose or gain by defending the third party's claim against the employer. The employer, on the other hand, stands to lose its claim of subrogation without being given the opportunity to defend the third party's claims of negligence. This cannot be what the legislature intended.

Accordingly, based on the foregoing, we find this section inapplicable in a trial brought by the employee against a third party. The third-party defendant and the employer are not joint tortfeasors. Furthermore, as stated above, it is unfair to the absent employer and would only add confusion during a trial. Lastly, this section does not address how the employer's negligence is to be determined. Therefore, we hold the trial judge did not err in finding § 42–1–580 inapplicable and granting Gordon summary judgment on Phillips' claim of a set-off pursuant to § 42–1–580.

**AFFIRMED.**

MOORE, A.C.J., BURNETT, J., and Acting Justices R. MARKLEY DENNIS, JR., and REGINALD I. LLOYD, concur.