**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-2192**

———————————

EMMANUEL MARTINEZ; DONALD WEYGANT; SANDRA
WEYGANT,

                                        Plaintiffs - Appellants,

        and

CAMP, DRESSER & MCKEE; ANTHONY CRANE RENTAL,
L.P.,

                                        Plaintiffs - Appellees,

        versus

DUKE ENERGY CORPORATION; TEREX CORPORATION,

                                        Defendants - Appellees,

        versus

THALLE CONSTRUCTION COMPANY, INCORPORATED,

                                        Third Party Defendant - Appellee.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (CA-03-49-6-20)

———————————

Argued:  February 4, 2005              Decided:  May 2, 2005

———————————

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

———————————

Affirmed in part, reversed in part, and remanded by unpublished per
curiam opinion.

**ARGUED:** Karen Creech, Eugene Clark Covington, Jr., COVINGTON, PATRICK, HAGINS, STERN & LEWIS, P.A., Greenville, South Carolina; John Daniel Kassel, Columbia, South Carolina, for Appellants. Michael Burton T. Wilkes, Spartanburg, South Carolina; Christopher Thomas Byrd, WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, Atlanta, Georgia, for Appellees. **ON BRIEF:** Earl W. Gunn, Ashley P. Nichols, WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, Atlanta, Georgia; Pope D. Johnson, III, MCCUTCHEN, BLANTON, RHODES & JOHNSON, Columbia, South Carolina, for Appellee Anthony Crane Rental, L.P. Kevin A. Dunlap, PARKER, POE, ADAMS & BERNSTEIN, L.L.P., Spartanburg, South Carolina, for Appellee Duke Energy Corporation. Robert Watson Foster, Jr., NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P., Columbia, South Carolina, for Appellee Terex Corporation. C. William McGee, GALLIVAN, WHITE & BOYD, P.A., Greenville, South Carolina, for Appellee Thalle Construction Company, Incorporated.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellants Emmanuel Martinez, Donald Weygant, and Sandra Weygant appeal the district court's dismissal of their personal injury action for lack of complete diversity and denial of their motion to dismiss the jurisdiction-spoiling defendant.[1] We affirm in part, reverse in part, and remand.

I.

On March 6, 2000, Emmanuel Martinez and Donald Weygant, employees of Thalle Construction Company ("Thalle Construction"), were working on a sewer construction project in Greenville, South Carolina. While Martinez was handling a pump being lifted by a crane, the crane either contacted or came too close to an overhead power line. The crane and pump became energized, and Martinez was severely shocked and burned. Weygant, who was nearby, was also severely shocked and burned when he attempted to aid Martinez.[2]

---

[1] After briefing, Appellee Anthony Crane Rental, L.P., filed a bankruptcy petition and the case was stayed as to it. Prior to oral argument, however, the bankruptcy court granted Appellants relief from the automatic stay, allowing this action to proceed to a resolution as to all parties.

[2] No one disputes that the injuries sustained by the men were catastrophic. According to the pleadings, Emmanuel Martinez underwent the amputation of one arm, one finger on the remaining arm, repeated amputations of his legs which ultimately ended with the amputation of his entire lower body from the naval down, several plastic surgeries, and repeated scar revisions. He has catheters and colostomy units for the elimination of bodily waste. Donald Weygant sustained a partial loss of use of both hands, disfigurement, pain, and post-traumatic stress. Medical expenses exceed $2.6 million for Martinez and $730,000 for Weygant.

On January 6, 2003, Appellants filed a complaint asserting state law claims of negligence, strict liability, and breach of implied warranty against five corporate defendants: Duke Energy Corporation, the owner and operator of the power line; Camp Dresser & McKee, the engineering firm for the sewer project; Anthony Crane Rental and Maxim Crane Works, the lessor of the crane; and Terex Corporation, the manufacturer of the crane. Federal jurisdiction was based upon complete diversity of citizenship. See 28 U.S.C.A. § 1332 (West 1993 & Supp. 2004). Appellants alleged that Martinez was a resident of Georgia, that the Weygants were residents of Texas, and that they were diverse in citizenship from each of the five corporate defendants.

On February 3, 2003, after obtaining an extension of time to answer on behalf of defendants Anthony Crane Rental and Maxim Crane Works, attorney Pope Johnson advised Appellants by letter that the complaint had erroneously named these two entities as the lessors of the crane.[3] Attached to the letter was a copy of the cover page of the Equipment Rental Agreement and a letter from Mark Coulson, "outside counsel to Anthony Crane Rental, L.P. d/b/a Maxim Crane Works," dated January 31, 2003. J.A. 302.

---

[3]In July 2001, well in advance of the filing of the lawsuit, Johnson advised Appellants' counsel that he "ha[d] been retained . . . to represent the interests of Anthony Crane Rental with respect to any claims arising out of the accident of March 6, 2000," and instructed Appellants' counsel to "direct any further inquiries regarding this matter and Anthony Crane Rental to [his] attention." J.A. 165.

4

The Equipment Rental Agreement listed five affiliated Anthony companies:  Anthony Crane Rental, Inc.; Anthony Crane Rental of Texas, Inc.; Anthony Crane Rental of Georgia, Inc.; Anthony Crane Rental of Florida, Inc.; and Anthony Equipment Corporation.  The body of the Rental Agreement, however, indicated that Thalle Construction had leased the crane for the project two months prior to the accident from "Anthony Crane Rental, L.P.," a company not listed in the heading.  J.A. 111.  Coulson's letter advised that:

> [t]he entity doing business in South Carolina is Anthony Crane Rental, L.P., a Pennsylvania limited partnership. Anthony Crane Rental, L.P. has a d/b/a of Maxim Crane Works, and has filed ficticious name registrations in many states, including . . . South Carolina. . . .
>
> . . .
>
> My understanding is that Anthony Crane Rental, Inc. is no longer in existence.  If it does exist, it is owned by the former controlling owner of Anthony Crane Rental, L.P., and not Anthony Crane Rental, L.P., and does not have anything to do with this case. . . .  We do not represent Anthony Crane Rental, Inc., and Anthony Crane Rental, L.P. cannot accept service on its behalf.

J.A. 302-03.  Appellants were further advised that "[t]he sole general partner of Anthony Crane Rental, L.P. is ACR Management, L.L.C., a Delaware limited liability company" and that Anthony Crane Rental, L.P. had four limited partners:

> ACR/Dunn Acquisition, Inc. - Delaware corporation;
>
> Husky Crane, Inc. - California corporation;
>
> Thompson & Rich Crane Service, Inc. - California corporation; and

5

Sacramento Valley Crane Services Inc. - California corporation.

J.A. 302. Counsel requested that Appellants review the information "and let me know if you will amend the Complaint and substitute Anthony Crane Rental, L.P. as the defendant in place of Anthony Crane Rental and Maxim Crane Works." J.A. 301.

On February 14, 2003, Appellants filed an Amended Complaint which eliminated Anthony Crane Rental and Maxim Crane Works as defendants and asserted a claim against Anthony Crane Rental, L.P. instead. Anthony Crane Rental, L.P. and Camp Dresser answered and filed cross-claims against Thalle Construction for contractual indemnity, and each ultimately obtained an entry of default against Thalle Construction.

On March 6, 2003, the South Carolina statute of limitations for filing suit expired. Four months later, on July 11, 2003, the district court sua sponte issued an order requiring all defendants "to inform the court of their state of incorporation and their principal place of business" within ten days. J.A. 121. Duke Energy, Camp Dresser, and Terex all responded, with no indication of a jurisdictional problem. Anthony Crane Rental, L.P., responded that it was "a limited partnership formed in the State of Pennsylvania and its principal place of business is Pittsburgh, Pennsylvania." J.A. 126. Attached was a memorandum from attorney Coulson, providing a list of seventeen affiliates of Anthony Crane Rental, L.P. d/b/a Maxim Crane Works, and a chart listing owners of

two of the seventeen affiliates -- Anthony Crane Rental Holdings, L.P. and ACR Management, L.L.C.[4]

On August 26, 2003, however, Anthony Crane Rental, L.P. filed a supplemental response, representing that its sole general partner was ACR Management, L.L.C. (as it had in February 2003), but now representing that Anthony Crane Rental, L.P. had five, instead of the originally identified four, limited partners. An attached chart indicated that the additional partner, Anthony Crane Rental Holdings, L.P., was comprised of one general partner, three limited partner entities, and nineteen individual limited partners -- two of which were residents of the same states (Texas and Georgia) as the Appellants. There was no representation as to the exact date that this ownership existed, nor any explanation as to why Anthony Crane Rental Holdings, L.P. had not been listed as a limited partner when Appellants were asked to amend the complaint and add Anthony Crane Rental, L.P. as the proper defendant.

The following day, the district court dismissed the action in its entirety, stating as follows:

> Because it appears from Anthony Crane Rental, L.P.'s supplemental response to the court's July 11, 2003, Order that the court lacks subject matter jurisdiction, this case is dismissed. Specifically, the court finds that

---

[4]Coulson represented that he had no "information above these levels." J.A. 129. He further advised that "a number of the persons on the[] lists are former employees, and other than their last forwarding address, Maxim would not have any direct knowledge as to the domicile of these persons." J.A. 129.

the requirement of diversity of citizenship has not been satisfied.

J.A. 140; see Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) (holding that the citizenship of a limited partnership is deemed to be that of all of its limited and general partners). Appellants were provided no opportunity to address the court regarding the supplemental response and whether it was fatal to their action, nor any opportunity to conduct discovery into the representations made by Anthony Crane Rental, L.P. regarding its ownership.

Appellants filed a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, asserting that the amendment of the complaint to add Anthony Crane Rental, L.P., even if nondiverse, did not divest the court of jurisdiction because diversity jurisdiction existed when the original complaint was filed. In the alternative, Appellants requested an opportunity to conduct discovery into the issue of jurisdiction. If Anthony Crane Rental, L.P. was nondiverse, Appellants requested that the district court merely dismiss Anthony Crane Rental, L.P., without prejudice, pursuant to Rule 21 of the Federal Rules of Civil Procedure, in order to preserve diversity jurisdiction over the other defendants.

In response to Appellants' motion, Anthony Crane Rental, L.P. submitted an affidavit of Arthur J. Innamorato, Jr., the president of its general partner, ACR Management, L.L.C. The affidavit stated that Anthony Crane Rental Holdings, L.P., was a limited

8

partner of Anthony Crane Rental, L.P., as of January 6, 2003, when the original complaint was filed, but made no representation as to whether it was a limited partner on January 31, 2003, the date of Coulsen's letter indicating to the contrary, or on February 14, 2003, the date the amended complaint naming Anthony Crane Rental, L.P. as a defendant was filed.

On October 31, 2003, without conducting a hearing on the matter, the district court denied Appellants' Rule 59(e) motion. The district court held that diversity jurisdiction never existed because Anthony Crane Rental, L.P. was, at all times, the proper party to be named in the action. The district court ruled that discovery was unnecessary because it had no reason to question Anthony Crane Rental, L.P.'s responses to its July 11 inquiry or the evidence submitted in response to the Appellants' Rule 59(e) motion.[5] And, the district court ruled that, although it had the

_____

[5]Although noting that "the information submitted to the court by Anthony Crane Rental, L.P. regarding its citizenship . . . was different from information submitted to the plaintiffs on an earlier occasion by" its counsel, the district court ruled that it "has no reason to believe that the information submitted by Anthony Crane Rental, L.P. to the court [in its supplemental response] is not accurate." J.A. 345. Pointing to the Innamorato affidavit, stating "that the information submitted to the court contains the names of the general and limited partners as of the filing of the plaintiffs' summons and complaint," the court simply found "that additional discovery is unnecessary." Id.

The discrepancy recognized, however, does not appear to be the only one. Although both responses filed by Anthony Crane Rental, L.P. to the court's order included nondiverse individuals, the first response listed 25 individual limited partners, whereas the supplemental response listed 19 individual limited partners.

9

authority to dismiss Anthony Crane Rental, L.P. in order to preserve jurisdiction over the other defendants named in the amended complaint, it declined to do so. This appeal followed.

## II.

It is well settled that, in order to maintain an action in federal district court based upon diversity jurisdiction, complete diversity between the plaintiffs and the defendants must exist at the time the complaint is filed. See 28 U.S.C.A. § 1332; Grupo Dataflux v. Atlas Global Group, L.P., 124 S. Ct. 1920, 1924 (2004) (noting that the long-settled "time-of-filing" rule governs the jurisdiction of the court, "regardless of the costs it imposes"). The party asserting jurisdiction bears the burden of "demonstrat[ing] that jurisdiction does, in fact, exist," and "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). "[T]he absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence." Id.; see Gibbs v. Buck, 307 U.S.

Consequently, even if we thought it proper to accept the responses at face value, we would remain unable to discern with any confidence the exact ownership that existed when the complaint and amended complaint were filed. We also note that the district court issued its order denying the Appellants' motion to reconsider four days after the Innamorato affidavit was filed and one day short of the five days normally provided for replies under the District of South Carolina's Local Rule 7.07.

66, 72 (1939). "Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." Lovern, 190 F.3d at 654. The "district court may address its lack of subject matter jurisdiction in two ways." Id. It "may find insufficient allegations in the pleadings, viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)," or, "after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations." Id. (internal citations omitted); see Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (same).

## A.

We begin with Appellants' contention that the addition of Anthony Crane Rental, L.P. as a defendant, even if nondiverse, did not divest the federal court of jurisdiction because diversity jurisdiction existed at the time the original complaint was filed. We disagree.

In Owen Equipment & Erection Company v. Kroger, 437 U.S. 365 (1978), after a diverse defendant filed a third-party complaint against a nondiverse defendant, the plaintiff amended the complaint in order to assert a direct claim against the nondiverse defendant as well. The Supreme Court held that this destroyed complete diversity. Otherwise, the "plaintiff could defeat the statutory requirement of complete diversity by the simple expedient of suing

11

only those defendants who were of diverse citizenship and waiting for them to implead nondiverse defendants." Id. at 374. "To allow the requirement of complete diversity to be circumvented as it was in this case would simply flout the congressional command." Id. at 377.

Relying upon the Court's subsequent decision in Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426 (1991) (per curiam), however, Appellants argue that the district court erred in dismissing their case. In Freeport, the Supreme Court was presented with a substitution of parties under Rule 25(c) of the Federal Rules of Civil Procedure, which was requested after the original plaintiff transferred its interest to a nondiverse company while the action was pending. See F. R. Civ. P 25(c) ("In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."). In such circumstances, the Supreme Court held that the substitution did not destroy diversity jurisdiction, which attached and was proper when the complaint was originally filed.

Appellants assert that because diversity jurisdiction existed at the time its original complaint was filed, diversity jurisdiction was not destroyed by their amended complaint. We are unpersuaded. Unlike the case of Freeport, this case does not

12

involve the substitution of a party under Rule 25(c) resulting from a transfer of interest while the litigation was pending, but rather an amended complaint that dropped the erroneously named Anthony entities and added the Anthony entity that did lease the crane to Thalle Construction.  See State of Alvarez v. Donaldson Co., 213 F.3d 993, 995 (7th Cir. 2000) (rejecting plaintiff's contention that an amended complaint adding nondiverse defendants did not divest the district court of diversity jurisdiction and noting that Freeport is limited to the substitution of parties pursuant to Rule 25).  Were we to accept Appellants' view of the breadth of the holding in Freeport, plaintiffs would be free to circumvent the requirement of complete diversity simply by suing one or more diverse joint tortfeasors and then adding by amended complaint any and all nondiverse joint tortfeasors.  We think this result is plainly unacceptable under a fair reading of the Owens decision. Accordingly, we hold that the Appellants' addition of Anthony Crane Rental, L.P. as a named defendant in the Amended Complaint did destroy the requisite complete diversity among the parties and affirm the district court's rejection of Appellants' claim that diversity jurisdiction was not destroyed by the addition of Anthony Crane Rental, L.P.[6]

---

[6]At oral argument, Appellants abandoned the claim that the district court erred in denying them an opportunity to challenge Anthony Crane Rental, L.P.'s representations regarding its ownership, either through discovery or an evidentiary hearing. Accordingly, we now assume that Anthony Crane Rental, L.P. was not

13

B.

Appellants next contend that the district court erred in denying their request that Anthony Crane Rental, L.P. be dismissed from the lawsuit under Federal Rule of Civil Procedure 21, in order to preserve diversity jurisdiction over the remaining defendants.[7]

1.

Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21; see Koehler v. Dodwell, 152 F.3d 304, 308 (4th Cir. 1998). We will reverse the district court's refusal to dismiss a nondiverse defendant to preserve diversity jurisdiction where the decision "was based upon misconceptions of law" or constitutes "a clear abuse" of the discretion vested in the district court. Weaver v. Marcus, 165 F.2d 862, 864 (4th Cir. 1948).

Here, the district court recognized that Rule 21 vested it "with authority to allow a dispensable nondiverse party to be dropped at any time," Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989), but apparently believed from the outset of

---

diverse in citizenship from the Appellants when the Complaint and Amended Complaint were filed.

[7]Appellee Anthony Crane Rental, L.P., filed a brief in support of Appellants' argument that the district court should have dismissed it under Rule 21 instead of dismissing the entire action against all Appellees. Accordingly, our references to Appellees in this section do not include Anthony Crane Rental, L.P.

14

the inquiry that "such authority should be exercised sparingly," id. at 837 (emphasis added).  The district court ruled as follows:

> [Camp Dresser] and Thalle argue they will be prejudiced if Anthony Crane Rental, L.P. is dismissed by the court. These defendants have provided a number of compelling arguments in this regard.  The court agrees that certain tactical advantages as well as issues of judicial economy counsel against dismissing Anthony Crane Rental, L.P. from this case.  Therefore, to the extent the court has discretion to dismiss Anthony Crane Rental, L.P. from the case, the court declines to do so.  As such, the court finds that the plaintiffs assert no new law or evidence and will not suffer a manifest injustice as a result of the court's August Order.  Furthermore, the August Order was not a clear error of law.

J.A. 346.  This was error.

In Newman-Green, the Supreme Court held that, like district courts, courts of appeals also have the authority "to dismiss a dispensable party whose presence spoils statutory diversity jurisdiction."  490 U.S. at 827.  Before the issue reached the Supreme Court, a panel of the United States Court of Appeals for the Seventh Circuit granted the plaintiffs' "motion, which it had invited, to amend the complaint to drop [a non-diverse defendant] as a party, thereby producing complete diversity under § 1332(a)(2)."  Id. at 829.  The en banc court reversed, holding that Rule 21 did not empower federal appellate courts to dismiss a nondiverse party in order to preserve diversity jurisdiction, and remanded the case to the district court to make that decision in the first instance.  The Supreme Court reversed, relying on the appellate court's inherent power as well as the power to remedy

15

defects in jurisdiction under Rule 21.  In doing so, however, the

Court stated:

> Although we hold that the courts of appeals have the
> authority to dismiss a dispensable nondiverse party, we
> emphasize that such authority should be exercised
> sparingly.  In each case, the appellate court should
> carefully consider whether the dismissal of a nondiverse
> party will prejudice any of the parties in the
> litigation.  It may be that the presence of the
> nondiverse party produced a tactical advantage for one
> party or another.  If factual disputes arise, it might be
> appropriate to remand the case to the district court,
> which would be in a better position to make the prejudice
> determination.  But we decline to erect a per se rule
> that the district court must first make such a
> determination in every case.

Id. at 837-38 (emphasis added).

Clearly, Newman-Green directs that courts of appeals should

exercise their authority to dismiss nondiverse defendants in the

first instance "sparingly," particularly where factual disputes

exist.  But it is equally clear that Newman-Green does not direct

district courts to "sparingly" exercise their authority to do so.

On the contrary, the Court has noted that:

> the question always is, or should be, when objection is
> taken to the jurisdiction of the court by reason of the
> citizenship of some of the parties, whether to a decree
> authorized by the case presented, they are indispensable
> parties, for if their interests are severable and a
> decree without prejudice to their rights can be made, the
> jurisdiction of the court should be retained and the suit
> dismissed as to them.

Newman-Green, 490 U.S. at 835 (quoting Horn v. Lockhart, 84 U.S.

570, 579 (1873) (footnote omitted) (emphasis added)); Grupo

Dataflux, 124 S. Ct. at 1925 (noting that the dismissal of a party

16

under Rule 21 to cure a jurisdictional defect "ha[s] long been an exception to the time-of-filing rule").

We, too, have held to this view of preserving jurisdiction where possible. See Koehler, 152 F.3d at 308 (recognizing the well-settled rule that "a [dispensable] party . . . whose presence deprives the court of jurisdiction may be dropped or severed from the action" to preserve jurisdiction and that motions to do so may be made even after judgment has been entered); Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 691-92 (4th Cir. 1978) (same); cf. National Union Fire Ins. Co. v. Rite Aid of South Carolina, 210 F.3d 246, 250 (4th Cir. 2000) (noting that, although we must affirm dismissal of a case if we agree that a nondiverse party is necessary and indispensable, "[d]ismissal of a case is a drastic remedy . . . which should be employed only sparingly" (internal quotation marks omitted)).

In sum, we hold that the district court denied Appellants' Rule 21 motion to dismiss Anthony Crane Rental, L.P. under the mistaken assumption that its authority to do so upon the examination of any alleged prejudice must be exercised "sparingly." See Weaver, 165 F.2d at 864-66 (reversing the denial by the district court of Rule 21 relief when that denial was based upon a misconception of law). Moreover, we conclude that this is an appropriate case for us to exercise our authority as an appellate panel to decide the motion in lieu of remanding it to the district

court. Appellants have abandoned their request to conduct discovery into the ownership of Anthony Crane Rental, L.P., all parties have fully briefed and argued the prejudice question to us, and there are no longer any factual disputes which bear upon the jurisdictional question, rendering a remand unnecessary. See Newman-Green, 490 U.S. at 838.

2.

In determining whether Anthony Crane Rental, L.P. should be dismissed, we first examine whether it is an indispensable party under Rule 19. See Newman-Green, 490 U.S. at 837-38; cf. Samaha v. Presbyterian Hosp., 757 F.2d 529, 531 (2d Cir. 1985) (per curiam) ("[I]n cases where leave is sought to eliminate a defendant in order to preserve diversity jurisdiction, 'unless it appears that a non-diverse defendant cannot be dropped from an action without prejudice to the remaining defendants, the Rule 15(a) motion should be granted and a failure to do so is an abuse of discretion.' The prejudice that matters is the same as that which determines whether a party is indispensable.") (per curiam) (quoting Kerr v. Compagnie de Ultramar, 250 F.2d 860, 864 (2d Cir. 1958) (internal alteration omitted)). Here, there is no dispute. Appellees agree that Anthony Crane Rental, L.P. is not an indispensable party, and that Appellants could have maintained the action from the outset against them without Anthony Crane Rental, L.P. ever being named as a defendant.

18

We next turn to the question of whether Appellees' claims of prejudice might otherwise be sufficient to prevent us from exercising our authority to dismiss Anthony Crane Rental, L.P. and allow the action to proceed as to the diverse defendants. We conclude that they are not.

Appellees first claim that a dismissal of Anthony Crane Rental, L.P. will prejudice them because it is a potentially responsible party that will provide an "additional voice" in discovery and at trial, could deflect blame and attention from its co-defendants, and could share in the satisfaction of any judgment rendered against them. Even if this is true, however, we can say the same about any personal injury action brought against joint tortfeasors.

Unless a particular defendant is indispensable, plaintiffs are generally entitled to choose whom they want to sue. In the case of joint tortfeasors, those who are sued and who believe they have a claim against an absent joint tortfeasor may implead the tortfeasor defendant and assert a claim against it or, at the conclusion of the case, file an action against the absent tortfeasor for indemnity or contribution. Appellants, however, were under no obligation to sue Anthony Crane Rental, L.P. from the outset or add it as a defendant by amended complaint, nor could they be forced to do so. See Weaver, 165 F.2d at 866 ("[A] defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom the

19

plaintiff does not wish to sue. And this is certainly true where the effect of the joinder of the third party defendant would be to oust the court of jurisdiction." (internal quotation marks and alterations omitted)). Appellees' claims of prejudice "amount[] to nothing more than the fact that the nondiverse defendant[] [is] alleged to be [a] joint tortfeasor[]," Samaha, 757 F.2d at 531, and are insufficient to warrant the drastic remedy of dismissal of the entire case against all defendants. "[T]heir claimed prejudice is no[] greater than that involved whenever a plaintiff chooses to sue some, but not all, of those who might be found jointly and severally liable." Id.

Appellees next assert that they will be prejudiced because Anthony Crane Rental, L.P., as the lessor of the crane, had direct contact with Thalle Construction, the lessee, concerning the crane's capabilities and limitations and is the party best situated to challenge Thalle's knowledge and use of the crane. This rather conclusory assertion of prejudice, however, is also an insufficient basis upon which to deny the Rule 21 request. The lawsuit was barely underway when the district court entered its order dismissing this case, and Appellees are free to conduct discovery, issue subpoenas, take depositions, and call as witnesses those persons with Anthony Crane Rental, L.P. who possess any such unique knowledge. Appellees have not pointed to any concrete way in which they might be denied a full opportunity to present any relevant

20

evidence they wish to present. And, in any event, the dismissal of Anthony Crane Rental, L.P. places the Appellees in no worse position in this regard than they would have been had Appellants never amended their complaint to add the nondiverse defendant.

Finally, Appellees claim that the dismissal of Anthony Crane Rental, L.P. will unduly prejudice them because they will lose the benefit of the default judgment that Anthony Crane Rental, L.P. obtained on its cross-claim against Thalle Construction under their Indemnity Agreement. Specifically, Appellees claim that they will be stripped of a tactical advantage because the default judgment would have allowed them to deflect blame on Thalle Construction and because the default judgment would have allowed Anthony Crane Rental, L.P. to recover a portion of any ultimate judgment from Thalle Construction.[8]

As an initial matter we note that the court never had subject matter jurisdiction over Appellants' claim against Anthony Crane Rental, L.P., which would certainly bring into question the validity of the default judgment. But, even if the default judgment remained in effect and valid, Appellees have not demonstrated how they could have used that judgment to argue that

---

[8]We also reject Appellees' assertion that they are prejudiced because Anthony Crane Rental, L.P. would have been able to obtain a set-off for Thalle's workers' compensation benefits lien under. S.C. Code Ann. § 42-1-580. See Gordon v. Phillips Utilities, Inc., 608 S.E.2d 425, 427 (S.C. 2005) (holding § 42-1-580 "inapplicable in a trial brought by the employee against a third party").

21

Anthony Crane Rental, L.P. is to blame for the accident. According to the allegations of the third-party complaint filed by Anthony Crane Rental, L.P. against Thalle Construction, Thalle Construction agreed to "indemnify, hold harmless, and defend [Anthony Crane Rental] . . . from and against any and all liability for any claim . . . by reason of any injury . . . to persons . . . arising out of, connected with or resulting from the selection, acceptance, delivery, maintenance, use, operation and/or control of the equipment by [Thalle Construction and its employees], including, but not limited to, any such liability arising out of [Thalle Construction's acts or failures]." J.A. 60. But there is no allegation in the third-party complaint that Thalle Construction was negligent or otherwise to blame for the accident, which could be deemed "admitted" by their failure to answer. At best, there is merely an allegation that Thalle Construction contractually agreed to indemnify and defend Anthony Crane Rental, L.P. from the specified personal injury claims regardless of fault.

Moreover, even if Appellees could have used the default judgment to argue that Thalle Construction was to blame for the accident, the dismissal of Anthony Crane Rental, L.P. does not strip them of this purported tactical advantage. Camp Dresser, who remains a diverse defendant, also obtained a default judgment against Thalle Construction for contractual indemnity. Thus, any benefit to Appellees remains intact.

In sum, we find Appellees' claims of prejudice conclusory and plainly insufficient to warrant the drastic remedy of dismissing Appellants' entire lawsuit. See Wall v. Chesapeake & Ohio Ry. Co., 339 F.2d 434, 434-35 (4th Cir. 1964) (per curiam) (reversing the denial by the district court of Rule 15 relief when the record reflected no prejudice or unfairness that would have been caused to the defendant had relief been granted).

We also note that the equities in this case favor the dismissal of Anthony Crane Rental, L.P. under Rule 21. See Koehler, 152 F.3d at 308-09 (finding an abuse of discretion by district court for its failure to sever a derivative claim that destroyed diversity from the suit in part because of "the equities of th[e] case," including "statute of limitations problems" in the event the plaintiff sought to pursue the claims in the state courts); cf. National Union, 210 F.3d at 250 (noting that "[i]n determining whether to dismiss a complaint, a court must proceed pragmatically, examining the facts of the particular controversy to determine the potential for prejudice to all parties, including those not before it") (internal quotation marks and alterations omitted)); C.L. Ritter Lumber Co. v. Consolidation Coal Co., 283 F.3d 226, 230 (4th Cir. 2002) (also noting that courts consider the equities of the situation when reviewing a district court's decision to preserve jurisdiction).

23

Appellants timely filed their lawsuit, alleging complete diversity of citizenship. However, counsel for Anthony Crane Rental, L.P. advised Appellants that they had filed suit against the wrong Anthony entities, and requested that they amend the complaint and name Anthony Crane Rental, L.P. as the proper Anthony entity. According to the information provided, Anthony Crane Rental, L.P. consisted of four corporate partners, each of which was diverse in citizenship from Appellants. The complaint was amended, within the applicable statue of limitations period and in the absence of any information that would signal a jurisdictional problem.

After the statute of limitations period had run, Anthony Crane Rental, L.P. advised the court that it was comprised of <u>five</u> partners and that the partner omitted from the earlier representation was a limited partner with individual partners who were not diverse in citizenship from Appellants. Appellants were afforded no opportunity to explore the discrepancies in the representations, no opportunity to file a motion to dismiss the alleged nondiverse defendant under Rule 21, and no opportunity to file a second amended complaint to eliminate the nondiverse defendant under Rule 15(a). Moreover, the single affidavit submitted to support these new jurisdictional allegations was attached to Anthony Crane Rental, L.P.'s <u>response</u> to plaintiffs' motion to reconsider and offered no explanation as to why the

24

jurisdiction-spoiling partner was not disclosed along with the other partners prior to the expiration of the statute of limitations.

In sum, had Appellants been provided with accurate information regarding the citizenship of Anthony Crane Rental, L.P. prior to the expiration of the statute of limitations, they would have been in a position to dismiss the federal suit in its entirety and sue all defendants in state court within the statutorily required time frame. Or, they could have chosen to dismiss the two corporate Anthony entities sued in the original complaint, not file the amended complaint adding Anthony Crane Rental, L.P. as a defendant, and pursue a separate action against Anthony Crane Rental, L.P. in state court within the statutorily required time frame. These choices, which should have been available to them in February 2003 and which would have been available had accurate information been provided, are those which we return to them today. In doing so, the remaining Appellees are in no worse position than they would have found themselves at that time.[9]

---

[9]As noted above, because Appellants have abandoned their request to conduct discovery, we must assume that the information submitted with Anthony Crane Rental, L.P.'s supplemental response and in the Innamorato affidavit is accurate, and can only assume that Appellants have satisfied themselves during the pendency of this appeal that they are indeed not diverse in citizenship from Anthony Crane Rental, L.P. Unlike Appellees, however, Appellants may not ultimately find themselves in as good a position. Although Appellants immediately filed an action in state court against all of the Appellees, including Anthony Crane Rental, L.P., when the district court dismissed this action, they were not surprisingly faced with an immediate claim that the state court action was barred by the statute of limitations.

25

III.

For the foregoing reasons, we reverse the district court's order dismissing the amended complaint in its entirety and denying Appellants' motion for reconsideration, dismiss Anthony Crane Rental, L.P. as a party pursuant to our independent authority to do so, and remand the case to the district court for further proceedings.

<u>AFFIRMED IN PART</u>,
<u>REVERSED IN PART</u>,
<u>AND REMANDED</u>

26