THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Historic Charleston Foundation and Preservation Society of Charleston, Appellants,
 v.
 The City of Charleston, The City of Charleston Board of Zoning Appeals-Zoning and Library Associates,
 LLC, Respondents.
 
 
 

Appeal From Charleston County
  R. Markley Dennis, Jr., Circuit Court
Judge

Unpublished Opinion No.  2008-UP-252
Submitted May 1, 2008  Filed May 7, 2008
Withdrawn, Substituted and Refiled August
1, 2008

APPEAL AFFIRMED

 
 
 
 Edward K. Pritchard, III, G. Trenholm Walker and Lindsay K.
 Smith-Yancey, all of Charleston, for Appellants.
 David B. McCormack, Frances I. Cantwell, William B. Regan and
 Timothy Alan Domin, all of Charleston, for Respondents.
 
 
 

PER CURIAM:  The
 Historic Charleston Foundation and Preservation Society of Charleston appeal
 the trial courts order affirming the City of Charleston Board of Zoning
 Appeals renewal of a special exception to allow the building of a hotel.  We
 affirm[1] pursuant to Rule 220, SCACR, and the following authorities:  Gordon v.
 Phillips Utils., Inc., 362 S.C. 403, 406, 608 S.E.2d 425, 427 (2005) (The
 primary purpose in construing a statute is to ascertain legislative intent.); Knotts
 v. S.C. Dept of Natural Res., 348 S.C. 1, 10, 558 S.E.2d 511, 516 (2002)
 (What a legislature says in the text of a statute is considered the best
 evidence of the legislative intent or will.); City of Myrtle Beach v. Juel
 P. Corp., 344 S.C. 43, 47, 543 S.E.2d 538, 540 (2001) (stating that when
 interpreting an ordinance, legislative intent must prevail if it can be
 reasonably discovered in the language used, and that we must give words their plain
 and ordinary meaning without resorting to subtle or forced construction to
 limit or expand the ordinances operation); Historic Charleston Found. v.
 Krawcheck, 313 S.C. 500, 505, 443 S.E.2d 401, 405 (Ct. App. 1994) (stating
 the courts give deference to the interpretation of a zoning ordinance by the
 board that is charged with its interpretation); Capco of Summerville, Inc.
 v. J.H. Gayle Constr. Co., 368 S.C. 137, 142, 628 S.E.2d 38, 41 (2006) (Where
 there is one statute addressing an issue in general terms and another statute
 dealing with the identical issue in a more specific and definite manner, the
 more specific statute will be considered an exception to, or a qualifier of,
 the general statute and given such effect.); Sloan v. S.C. Bd. of Physical
 Therapy Examrs, 370 S.C. 452, 485, 636 S.E.2d 598, 615 (2006) (stating due
 process is flexible and calls for such procedural protections as the particular
 situation demands and that the requirements in a particular case depend on the
 importance of the interest involved and the circumstances under which the
 deprivation may occur.).
AFFIRMED.
ANDERSON, HUFF, and KITTREDGE, JJ., concur.  

[1] We decide this case without oral argument
pursuant to Rule 215, SCACR.